UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRSTINE L. TOLLEY, | ) | CASE NO. 1:16-CV-2083 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| NANCY A. BERRYHILL | ) | |
| ACTING COMMISIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed for Disability Insurance Benefits, a Period of Disability, and Supplemental Security Income under Titles II and XVI of the Social Security Act on March 11, 2014. Doc. 16 at 1. Plaintiff's applications were denied initially and upon reconsideration. Doc. 16 at 2. The Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled. Doc. 11 at 38. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Doc. 16 at 2. Plaintiff subsequently sought judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Doc. 1 at 1. The Magistrate Judge recommended that the decision of the ALJ be affirmed. Doc. 16 at 19. Plaintiff filed objections to the recommended decision. Doc. 17. For the following reasons, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation ("R & R") and DISMISSES the matter with prejudice.

I.      FACTUAL BACKGROUND

Plaintiff is approximately forty-eight years old and was forty-four years old on the alleged disability onset date. Doc. 11 at 49, Doc. 12 at 3. Plaintiff received education through the ninth grade, and previously worked as a home health aide and as a secretary. Doc. 12 at 3. Plaintiff testified she stopped working in 2013 due to back pain. Doc. 11 at 53. Plaintiff lives in a one level home with a friend who pays for everything except food.[1] Doc. 11 at 50. Plaintiff is able to drive, walk approximately half a block, make the bed each morning, do laundry, cook, and care for two dogs, Doc. 11 at 50, 55-56.

Plaintiff has a history of back pain, including "Grade I-II spondylolisthesis L5-S1 with foraminal stenosis and nerve root compression." Doc. 16 at 3. Plaintiff underwent surgery on May 27, 2009, and received an anterior lumbar interbody fusion. Doc. 16 at 3. Plaintiff began treatment with Heather Scullin, D.O., on March 11, 2011. Doc. 16 at 3. Plaintiff reported chronic pain, and Dr. Scullin reported a decreased range of motion in the lumbar back, with tenderness and pain. Doc. 16 at 3. Dr. Scullin prescribed several medications, including lidocaine and Norco. Doc. 16 at 3. Plaintiff met with Dr. Scullin on June 19, 2013, and stated, "she feels she is unable to work in pain all the time." Doc. 16 at 4. Dr. Scullin reported that Plaintiff was, "no longer able to work as of 6/20/2013 due to impaired ability to bend and lift- inability to tolerate sitting for longer than 20 minutes, and severe pain." Doc. 16 at 4.

On October 21, 2013, Dr. Scullin completed a "Physician's Statement of Disability," which stated that Plaintiff was unable to work, but able to lift, carry, push or pull up to ten pounds, and able to walk, sit, or stand for 0 hours in an eight hour work day. Doc. 16 at 4-5. Two months later on December 10, 2013, Dr. Scullin completed a "Physical Ability Assessment," which stated that

---

[1] Plaintiff receives food stamps. Doc. 11 at 50.

Plaintiff would be able to sit, stand, walk, or reach, for up to two and a half hours per day. Doc. 16 at 5. Both forms relied on the physical examination of Plaintiff that occurred on September 27, 2013. Doc. 16 at 5.

On May 21, 2014, William Bolz, M.D., a state agency medical consultant, found that Plaintiff could occasionally lift or carry up to twenty pounds, or frequently up to ten pounds. Doc. 16. He also found that Plaintiff was able to stand, walk, or sit for approximately six hours of an eight hour workday. Doc. 16. He stated that Plaintiff would be able to occasionally climb stairs or ramps, balance, stoop, kneel, crouch, or crawl, but due to back pain, was unable to climb ladders, ropes, or scaffolds. Doc. 16. On November 8, 2014, Leon Hughes, M.D., concurred in Dr. Bolz's assessment. Doc. 16.

At Plaintiff's hearing before the ALJ, vocational expert Robert Mosley, Ph.D., testified as to Plaintiff's work abilities. Doc. 11 at 43. The ALJ posed a hypothetical question to Dr. Mosley. The hypothetical question proposed an individual with similar age, education, and work experience as Plaintiff, who could perform a range of sedentary work with the ability to alternate positions approximately every hour; who occasionally needed to climb ramps or stairs, balance, and stoop; could withstand basic vibration; but could never climb ropes, ladders, or scaffolds; and inquired if such an individual could perform the past jobs of the Plaintiff, being a home health aide and a secretary or general clerk. Doc. 11 at 63-4. Dr. Mosley testified that such an individual would not be able to perform Plaintiff's past jobs, but would be able to perform a number of other sedentary jobs, including final assembler, lens inserter, and touchup screener. Doc. 11 at 64. Dr. Mosley further testified that if such an individual needed to take frequent breaks, or might miss more than two days of work per month, that individual would not be able to maintain employment. Doc. 16 at 6. Dr. Mosley further testified that if such an individual was able to only occasionally reach, but

3

not able to frequently reach, then that individual would also not be able to perform the identified jobs. Doc. 16 at 7. The ALJ thus concluded that because certain jobs exist in the national economy which Plaintiff is able to perform, Plaintiff is not disabled. Doc. 11 at 38.

Plaintiff asserts several causes of error. First, Plaintiff asserts the ALJ erred in her assessment of Dr. Scullin's opinions, where the ALJ failed to apply the treating-physician rule. Second, Plaintiff asserts that the ALJ erred in making an independent residual functional capacity ("RFC") finding without relying on the medical opinions in the record and inappropriately substituting ALJ's personal judgment of a medical issue. Doc. 12 at 1. Finally, Plaintiff asserts that the ALJ's assessment of Plaintiff's credibility is in error, because the ALJ's decision does not contain specific reasons for finding Plaintiff not credible and is therefore beyond meaningful review. Plaintiff contends that the credibility assessment is not supported by evidence in the record. Doc. 12 at 1.

## II. STANDARD OF REVIEW

If a party files written objections to a magistrate judge's R&R, this Court must perform a de novo review of "those portions of the report of specified proposed findings or recommendations to which objection is made. This Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. LAW AND ANALYSIS

### A. The treating physician rule.

Plaintiff contends that the Magistrate Judge misconstrued her argument that the ALJ failed to apply the treating physician rule when evaluating her claim and that the reasons provided by the ALJ for granting the opinion little weight were insufficient to remedy the failure.

An ALJ generally must give controlling weight to a claimant's treating physician, because treating physicians are in the best position to provide a complete picture of a claimant's health history given the treatment relationship. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-6 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). The treating-physician rules requires that controlling weight be given to the treating physician's opinions if: (1) the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) is "not inconsistent with the other substantial evidence in the case record." *Id.* If the treating physician's opinion does not meet these factors and is not given controlling weight, then the weight given to that opinion is decided by consideration of the length, frequency, nature, and extent of the treatment relationship. *Gayheart*, 710 F.3d at 376. Further, an ALJ must give good reasons in determining the weight given to a treating physician's opinion. *Blakley v. Comm'r of Soc. Sec.*, 581, F.3d 399, 406-7 (6th Cir. 2009). Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *Gayheart*, 710 F.3d at 376.

Here, the ALJ assigned little weight to Dr. Scullin's opinions for three reasons: (1) "her two opinions are inconsistent with each other, even though they were made two months apart;" (2) "her opinions are unsupported by her own findings and observations both prior and subsequent to both opinions, such as normal strength, sensation, coordination and gait without evidence of distress; and there are no objective diagnostic tests to support her opinion or extent of limitations;" and (3) "an opinion regarding an individual's ability to work is one reserved for the Commissioner." Doc. 11 at 35-36. Plaintiff asserts that the ALJ failed to evaluate whether Dr. Scullin's opinions were entitled to controlling weight, and that the ALJ's reasons for assigning

little weight to Dr. Scullin's opinions are insufficient to remedy the failure to address the treating-physician rule. Doc. 12 at 15. However, Plaintiff's arguments fail because the ALJ properly determined that Dr. Scullin's opinions were not entitled to controlling weight.

The ALJ noted multiple inconsistencies in Dr. Scullin's opinions. The ALJ noted that in October, 2013, Dr. Scullin reported that Plaintiff was unable to work due to impaired ability to bend and lift, an inability to tolerate sitting for longer than twenty minutes, and severe pain. Doc. 11 at 34. However, during the same visit, Dr. Scullin reported that Plaintiff was "alert and in no distress, which is inconsistent with debilitating pain symptoms." Doc. 11 at 34. Further, Dr. Scullin found that Plaintiff had tenderness and decreased range of motion of the lumbar spine, yet also found that Plaintiff had normal strength, sensation, coordination, and gait. Doc. 11 at 34. The ALJ noted that normal sensation, coordination, and gait are all inconsistent with debilitating pain symptoms. Doc. 11 at 34. Dr. Scullin continued to report that Plaintiff was "in no distress, [and was] alert and oriented to all spheres of mood and affect." Doc. 11 at 34. In Dr. Scullin's December 2013 report, she stated that Plaintiff could sit, stand, walk, or reach, for up to two and a half hours per day, contrary to the report from two months earlier. Doc. 16 at 5. Lastly, the ALJ noted that the record "does not contain any objective evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis…and there is no medical evidence from a medically acceptable source that shows [Plaintiff's] lumbar impairments cause an inability to ambulate effectively." Doc. 11 at 32.

For these reasons, Plaintiff's contention that the ALJ failed to properly evaluate Dr. Scullin's opinions fails. Although the ALJ did not specifically reference the treating physician rule, the ALJ conducted the relevant analysis of Dr. Scullin's opinions and concluded that they should not be accorded controlling weight. An ALJ's omission of a specific reference to the

6

treating physician rule and failure to use the regulatory language does not necessarily negate the validity of the ALJ's conclusion. *Hall v. Comm'r of Soc. Sec.*, 148 Fed. Appx. 456 (6th Cir. 2005). "[A] situation could arise where the Commissioner has met the goal of § 1527(d)(2)- the provision of the procedural safeguard of reasons- even though she has not complied with the terms of the regulation." *Id.* at 464. In this instance the ALJ has satisfied the § 1527 (d)(2) requirement to provide clear reasons. The fact that the ALJ did not explicitly discuss the treating-physician rule when analyzing Dr. Scullin's opinion amounts to harmless error.

**B.    Residual Functional Capacity.**

In making a disability determination, an ALJ considers the degree of any resulting functional limitations. 20 C.F.R. §§ 404.1521, 416.921. "[An] ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the evidence and draw [her] own inferences. *McCain v. Dir., OWCP*, 58 Fed. Appx. 184, 193 (6th Cir. 2003). Here, the ALJ found that Plaintiff had the RFC to perform sedentary work, provided that she had the ability to change positions approximately every hour. Doc. 11 at 32. Plaintiff asserts that this finding is based on the ALJ's personal opinion, rather than on a medical opinion. Doc. 17 at 4.

The ALJ found that Plaintiff did suffer from some symptoms, but those symptoms are not as limiting as alleged by Plaintiff. Doc. 11 at 33. Plaintiff had previously complained of fatigue, back pain, and swelling associated with bending and sitting. Doc. 11 at 33-4. Plaintiff also testified that she has to rest frequently during the day in between tasks. Doc. 11 at 56. The ALJ noted that although Dr. Scullin found that Plaintiff had tenderness and a decreased range of motion of the lumbar spine, Dr. Scullin also found that Plaintiff had normal strength, sensation, coordination, and gate. Doc. 11 at 34. Further, the ALJ considered all the medical evidence in the record, including the RFC assessment by Dr. Bolz, which stated Plaintiff had the ability to sit, stand, or

walk, for approximately six hours of an eight hour work day, had an unlimited ability to push and pull, and could lift and carry up to twenty pounds. Doc. 11 at 83-84. The ALJ thus found that because Plaintiff had physical capabilities that were not as limiting as Plaintiff claimed, and because Plaintiff was consistently found to be alert and not in distress, Plaintiff would be able to perform sedentary work. Doc. 11 at 34-5. Therefore, the ALJ's determination was largely based on the medical opinion of Dr. Bolz, but contained additional caveats, including that Plaintiff needed to be able to change positions every hour, to accommodate Plaintiff's limitations. As such, Plaintiff can point to no error in the ALJ's decision.

### C. Credibility

An ALJ's findings based on the credibility of a claimant are accorded great weight and deference. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's credibility determinations must be supported by substantial evidence and must be based upon consideration of the entire record. *Id.; accord Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Further, an ALJ must elaborate on her credibility determinations in a sufficiently specific manner, so that the claimant and any later reviewer may understand the reasons behind the determination. *Id.* at 248. Here, the ALJ found that Plaintiff was not fully credible. Doc. 11 at 33. Plaintiff asserts that the ALJ's assessment is in error, because 1) it does not contain specific reasons for finding Plaintiff not fully credible and is therefore beyond meaningful review, and 2) the credibility assessment is not supported by evidence in the record and is beyond meaningful review. Doc. 12 at 1.

In her decision, the ALJ listed the factors she would consider in determining Plaintiff's credibility, including Plaintiff's daily activities, the frequency and intensity of Plaintiff's symptoms, what aggravates Plaintiff's symptoms, the medication taken to relieve such symptoms,

8

other treatment or measures taken to reduce the symptoms, and any other factors relevant to Plaintiff's functional limitations. Doc. 11 at 33. The ALJ then stated that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms are not entirely credible. Doc. 11 at 33. The ALJ reasoned that Plaintiff's assertions of ongoing pain and fatigue were incompatible with Dr. Scullin's consistent findings that Plaintiff was alert and in no distress, with normal mood and affect. Doc. 11 at 34. The ALJ further elaborated that due to normal physical findings during the examination of Plaintiff, the ALJ found that Plaintiff's pain was not as limiting as alleged. Doc. 11 at 34. Because a reasonable mind could accept the above as adequate to support the ALJ's credibility determination, substantial evidence supports the ALJ's finding. *See Rogers*, 486 F.3d at 241.

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's objections are OVERRULED. The Court ADOPTS the Magistrate Judge's R&R and DISMISSES the underlying Complaint.


IT IS SO ORDERED.

             */s/ John R. Adams*
             Judge John R. Adams
             DISTRICT JUDGE
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF OHIO

Date: September 26, 2017